[No. 4234.  Decided September 19, 1902.]

THE STATE OF WASHINGTON, *Respondent*, v. LAWRENCE WHITWORTH, *Appellant*.

EMBEZZLEMENT — SUFFICIENCY OF INFORMATION — ALLEGATION OF AGENCY AND OWNERSHIP OF PROPERTY.

An information charging defendant, as the agent of an insurance company, with embezzling a promissory note, the property of said insurance company, sufficiently states the offense, under Bal. Code, § 7119, which provides that any agent or person to whom any money or other property shall be intrusted, who fraudulently converts the same to his own use, shall be deemed guilty of larceny.

SAME — ESTOPPEL.

An insurance solicitor who takes a promissory note for a premium due on a policy issued by his company, although the note is merely made payable to the order of the maker and by him indorsed in blank, is estopped to deny either the insurance company's ownership of the note or his own agency.

Appeal from Superior Court, King County.—HON. ARTHUR E. GRIFFIN, Judge.  Affirmed.

*R. H. Lindsay,* for appellant.

*Walter S. Fulton,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

DUNBAR, J.—Defendant was tried on an information charging embezzlement, was found guilty, and sentenced. From judgment of sentence this appeal is taken.  Many

errors are assigned, but few of which are discussed. We
will not enter into a discussion of errors not discussed in
the briefs, although we have examined them, and find them
without merit. The alleged error of the court in over-
ruling appellant's demurrer to the information is the first
subject presented. The charging part of the information
is as follows:

"He, the said Lawrence Whitworth, in the county of
King, state of Washington, on the 23d day of August,
1901, then and there being the agent of the 'Mutual Life
Insurance Company of New York,' a corporation, and as
such agent, theretofore having been intrusted with a prom-
issory note in writing of the value of four thousand one
hundred and sixty-nine dollars ($4,169), in lawful money
of the United States, the property of the said Mutual Life
Insurance Company, and of the tenor following:
          'Due November 6th, Seattle, Wn., Aug. 6th, 1901.
  Three months after date I promise to pay to the order of
myself at my office, Seattle, Washington, $4,169.00, forty-
one hundred and sixty-nine dollars, for value received.'
                              Timothy D. Hinckley.'
Said note having indorsed in writing on the back thereof
the name of 'Timothy D. Hinckley,' did then and there
wilfully, unlawfully, feloniously and fraudulently em-
bezzle and convert said note and the whole thereof to his
own use, and did then and there wilfully, unlawfully, fel-
oniously, and fraudulently fail to account to the Mutual
Life Insurance Company, of New York, for said note, or
any part thereof."

We think the information is sufficient. The statute
under which the information was filed is as follows:

"If any agent, clerk, officer, servant, or person to whom
any money or other property shall be intrusted, with or
without hire, shall fraudulently convert to his own use,
or shall take and secrete the same with intent fraudulently
to convert the same to his own use, or shall fail to account
to the person so intrusting it to him, he shall be deemed

guilty of larceny, and on conviction thereof shall be imprisoned in the penitentiary not more than ten years nor less than one year, or be imprisoned in the county jail for any length of time not exceeding one year." Sec. 7119, Bal. Code.

The information alleges that the defendant was the agent of the insurance company, and as such agent had been intrusted with valuable property, that he wilfully, unlawfully, and fraudulently converted the same to his own use, and failed to account for it to the party intrusting it. It can be determined from the information that the crime was committed within the time limited by law for the commencement of actions, and the crime is distinctly and clearly set forth, so that the defendant, if he be a person of common understanding, can have no possible trouble in understanding for what crime he is called upon to answer. The statement of facts furnished him in the information is not perplexing, or calculated to leave him in doubt; and, as we have frequently said, when a defendant is furnished with definite information of this kind, the object of the law is attained. The only real question in this case is that of agency, but we are satisfied from an investigation of the record that the agency was sufficiently established. Neither is it competent for the appellant to now deny the ownership of the note in the insurance company. He treated the company as the owner of the note, and looked to the company for the payment of his interest in the note in case the policy should be accepted; for, under the custom as testified to, the note, when collectible, would have been collected by the company, and the company would then pay the solicitor his percentage. He represented himself as the agent of the company, and procured the note on the representation that it was the property of the company. Hence the own-

ership was properly alleged in the company, and the defendant is estopped to deny the agency or the ownership. The information being sufficient, and no error being discovered in the admission of testimony or in the giving or refusing to give instructions, the judgment is affirmed.

REAVIS, C. J., and HADLEY, FULLERTON, ANDERS, MOUNT and WHITE, JJ., concur.